v.

**The STATE of Texas, Appellee.**

**No. 12667.**

Court of Civil Appeals of Texas, Austin.

Jan. 11, 1978.

Rehearing Denied Feb. 1, 1978.

Adrian L. Young, Lynch, Jolink, Zimmerman & Young, Austin, for appellant.

Ronald H. Earle, Dist. Atty., Charles E. Hardy, Asst. Dist. Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from an order of the district court of Travis County sitting as juvenile court of the county waiving its juvenile jurisdiction and transferring juvenile to district court for criminal prosecution.

We affirm this judgment.

The State of Texas petitioned the juvenile court for a waiver of jurisdiction and transfer hearing.[1] Prior to the hearing, however, appellant filed a motion requesting that the court conduct a hearing pursuant to Section 55.04 of the Texas Family Code to determine whether appellant was mentally fit to proceed with the transfer hearing. A hearing was held on the motion. At the conclusion thereof, the trial court found that appellant was fit to proceed with the transfer hearing. Thereafter, the transfer hearing was held and appellant was certified to criminal court for prosecution. From this judgment, appellant perfected his appeal.

In his first point of error, appellant contends that the trial court erred in finding that appellant was fit to proceed with the hearing on transfer to the district court in

---

1. Tex. Family Code Ann. § 54.02 (1975).

that the finding of fitness by the court was against the great weight and preponderance of the evidence presented on the issue. We have reviewed all of the evidence and are of the opinion that the court's finding of fitness is supported by the record.

Section 55.04 of the Texas Family Code reads in part:

"(a) No child who as a result of mental disease or defect lacks capacity to understand the proceedings in juvenile court or to assist in his own defense shall be subjected to discretionary transfer to criminal court, adjudication, disposition, or modification of disposition as long as such incapacity endures."

In the instant case, there were five psychological evaluations of appellant dating from November 1973 to March 1977. Two witnesses testified. These reports, together with the testimony of the witnesses, form the evidence on the issue of appellant's fitness to proceed with the transfer hearing. We have reviewed the evidence in light of the above standard and find that appellant's mind was *not* so impaired that he was incapable of understanding the charges made against him or of consulting with his attorney in the preparation of his defense. This is especially true in light of the fact that appellant took the stand on his own behalf at the detention hearing and testified in a direct and lucid manner. In our opinion, the trial court did not err in finding that appellant was fit to proceed with the transfer hearing.

Under his second point, appellant contends that the trial court abused its discretion in transferring appellant to criminal district court for prosecution. Appellant argues that the evidence was insufficient to support the court's findings under Section 54.02(f) of the Texas Family Code. This contention is also without merit. We have considered the entire record and hold that the evidence supported the order of the court waiving its jurisdiction over appellant and certifying him as an adult for the purpose of adult criminal proceedings.

Under the record before us appellant's referral record consists of the following incidents: (1) unlawfully carrying arms (knife) on September 27, 1972; (2) theft on June 30, 1973; (3) robbery by assault on October 30, 1973; (4) robbery by assault on November 29, 1973; (5) theft on June 10, 1975; (6) assault on a police officer, resisting arrest, and disorderly conduct on September 14, 1975; and (7) aggravated rape and aggravated robbery on June 13, 1977 (present offense). It should also be pointed out that since 1972 appellant has had contact with the following agencies: (1) Travis County Juvenile Court; (2) Rio Grande Rehabilitation Center; and (3) Texas Youth Council. Moreover, there is evidence that although appellant has not exhibited tendencies to escape from detention in the past, there are no fences around any of the Texas Youth Council campuses, and that the overall supervision is not adequate to prevent anyone in custody from escaping. We are of the opinion, therefore, that from an examination of the evidence it cannot be said that the trial court abused its discretion in transferring appellant to criminal district court. See *Matter of I. J.,* 546 S.W.2d 110 (Tex.Civ.App.—Eastland 1977, no writ); *Meza v. State,* 543 S.W.2d 189 (Tex.Civ.App.—Austin 1976, no writ); *B. L. C. v. State,* 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.], writ ref'd n. r. e.); *R_ K_ M_ v. State,* 535 S.W.2d 676 (Tex.Civ.App.—San Antonio 1976, no writ).

The judgment of the trial court is affirmed.