565 S.W.2d 392 (1978)
In the Matter of D. J. R., a minor, Appellant,
v.
STATE of Texas, Appellee.
No. 18007.
Court of Civil Appeals of Texas, Fort Worth.
April 27, 1978.
*393 William R. Magnussen, Fort Worth, for appellant.
Tim C. Curry, Dist. Atty., Candyce W. Howell, Asst. Dist. Atty., Fort Worth, for appellee.

OPINION
MASSEY, Chief Justice.
The case on appeal is from the order of the Juvenile Court of Tarrant County, Texas certifying D.J.R., a minor 16 years of age, to be tried as an adult for alleged criminal offense(s).
We affirm.
There is actually no question but that there exists probable cause for the return of an indictment by the grand jury for one or both the criminal offenses alleged to have been committed by D.J.R. and the opinion will not be burdened by explanation and discussion. The serious question relates to whether he is of sufficient sophistication and maturity to be tried as an adult as such question is to be taken into consideration, along with other appropriate matters, in the determination of whether a minor should be certified to be tried as an adult. Among these is the question of whether the offenses charged were committed in an aggressive and premeditated manner, and the question of prospects of adequate protection of the public, etc., by use of the procedures, services, and facilities available to the Juvenile Court in attempted rehabilitation.
In addition to a point of error on the finding of the Juvenile Court that D.J.R. possessed the sophistication and maturity to be tried as an adult there is another presenting contention that there was insufficiency of the evidence to support the Juvenile Court's finding that prospects of adequate protection for the public and the likelihood of reasonable rehabilitation of D.J.R. by the use of the procedures, services, and facilities currently available to the court, are doubtful or non-existent.
We would think there to be the presumption that a Juvenile Court would judicially know the facilities available to it at any particular time; at least that would be the presumption in the absence of something presented by a complainant so as to occasion necessity for the state's attorney to proceed to discharge its burden to establish an inadequacy or unavailability. However it is not necessary to resolve the question in this case by such legal theory for, despite the absence of anything to counter any such presumption, the state did proceed to make that proof. Indeed, D.J.R. had been committed to custody of the Texas Youth Council on October 13, 1976, and had escaped such custody on May 22, 1977, shortly after he attained the age of 16. On the day of his escape the Texas Youth Council had published its request to apprehend and return him as a delinquent child but he remained at liberty for several months to allegedly commit the crimes for which the state sought to have him tried as an adult. Wayne Erickson of the County Juvenile Probation Department testified concerning his familiarity with the background and history of D.J.R. and with the services and facilities available for the Court. He was permitted to give his opinion that the services and facilities were not adequate for the protection of the public and rehabilitation of D.J.R.
Proof introduced into the record included examinations and evaluations of D.J.R., as follows: FIRST OCCASION on May 30, 1972 when he was 11 years of age; SECOND OCCASION on October 23, 1974 when he was 13 years of age; and THIRD OCCASION on August 29, 1977, after the dates of the alleged criminal offenses, and after D.J.R. was 16 years of age.
*394 FIRST OCCASION: Reba Jones, Psychologist for the Public Schools, found D.J.R. of the mental age of 6 years and 10 months, with an Intelligence Quotient of 68. Noted was that both were within the "defective range."
SECOND OCCASION: Jerold May, Consulting Psychologist, found D.J.R.'s "Culture Fair" intelligence score to be "within the range of borderline intelligence," with a "first grade" reading level. The conclusion was that "he is apparently in the borderline range of mental retardation."
THIRD OCCASION: Dr. H. E. Eugene Bonham, M. D., a Psychiatrist, rendered a report to the Tarrant County Department of Juvenile Probation and also testified on trial. In his report he stated that D.J.R. was competent and understood quite clearly the difference between right and wrong. It was by D.J.R. that he was tendered as a witness on trial. On trial he stated to be his ultimate conclusion upon the capacity of D.J.R. that "he has below average I. Q., but [is] not mentally defective." Further, as a general consensus of the evaluation that he had made, that "he is not mentally retarded, but his I. Q. is below average, and that the last psychological he was given, that the I. Q. really wasn't valid that he picked up because he [D.J.R.] wasn't . . . responsive. . . ."
Section 54.02 of the Texas Family Code provides in part as follows:
"5402. Waiver of Jurisdiction and Discretionary Transfer to Criminal Court

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:
(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
. . . . .
(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."
We hold that there was adequate evidence that D.J.R. possessed the sophistication and maturity to be tried as an adult, and that the Juvenile Court's finding to that effect (along with all the other findings upon the matters to be taken into consideration in the ultimate determination of whether original jurisdiction should be waived) was not contrary to the greater weight and preponderance of the evidence.
By so holding we do not mean to indicate that were our holding to the contrary there would be occasion for reversal. We agree with the Texarkana Court of Civil Appeals in its statement upon the meaning of the law under consideration in Matter of J. R. C., 551 S.W.2d 748, 753 (Tex.Civ.App.Texarkana 1977, writ ref'd n. r. e.), as follows:
"Although there was ample evidence on all the criteria enumerated in Subsection (f) of the statute, it should be borne in mind that Section 54.02 does not require that, in *395 order for the juvenile court to waive its jurisdiction, all of the matters listed in Subsection (f) must be established. Rather, it provides that the court may waive its jurisdiction if it finds that, because of (1) the seriousness of the offense, or (2) the background of the child, the welfare of the community requires criminal proceedings instead of juvenile proceedings. The statute only directs that the juvenile court consider the matters listed under Subsection (f) in making its determination. See In re W. R. M., 534 S.W.2d 178 (Tex.Civ.App. Eastland 1976, no writ). They are the criteria by which it may be determined if the juvenile court properly concluded that the seriousness of the offense or the background of the child required a transfer to criminal court. The juvenile court must consider those criteria in order that the appellate court may have a meaningful review of the basis upon which the conclusion was made, and can determine if the evidence so considered by the juvenile court does in fact justify the conclusion that a transfer is required. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84; In re J. R. C., supra."
The ultimate question in the determination of our appellate decision is whether (1) with all the matters to be taken into consideration as provided by § 54.02 of the Texas Family Code; (2) there was not an abuse of discretion by the Juvenile Court in certifying the juvenile defendant to be tried for the alleged crime as an adult. When the appellate court can find in the affirmative to both these elements of the question the decision of the Juvenile Court should be upheld; when the appellate court cannot find in the affirmative to both elements it should reverse the certification, coupling therewith a decision upon rendition or remand.
Here we find that both of the questions are to be answered in the affirmative, with the certification upheld.
Judgment is affirmed.