616 S.W.2d 635 (1981)
P. G., A Juvenile, Appellant,
v.
STATE of Texas, Appellee.
No. 16645.
Court of Civil Appeals of Texas, San Antonio.
March 11, 1981.
Rehearing Denied April 15, 1981.
*636 James P. Sieloff, San Antonio, for appellant.
John Horn, Asst. Dist. Atty., San Antonio, for appellee.

OPINION
KLINGEMAN, Justice.
This is an appeal of an order of the Juvenile Court waiving juvenile jurisdiction and transferring the cause to the criminal district court. The appellant, P. G., was sixteen years old at the time of the alleged offense. He was charged with engaging in delinquent conduct consisting of sexual abuse of a child as set forth in Section 21.10 of the Texas Penal Code. After a hearing, appellant was certified and transferred to the district court pursuant to Section 54.02 of the Texas Family Code.[1]
*637 Appellant in three points of error asserts (1) that the trial court's failure to comply with the Texas Family Code and the Texas Rules of Civil Procedure as to service of summons deprived appellant of due process of law; (2) that there is insufficient evidence to support the trial court's finding that the use of procedures, services and facilities currently available to the juvenile courts are inadequate to protect the public and reasonably rehabilitate appellant, and (3) that the original petition and motion to certify and transfer failed to allege a criminal offense which can be committed by appellant.
Appellant's first point of error is premised on two bases, (a) juvenile cases are civil in nature and are governed by the Texas Rules of Civil Procedure; and (b) the service of summons here was made by a probation officer who was not a suitable person to serve such summons.
Rule 103 of the Texas Rules of Civil Procedure states:
All process may be served by the sheriff or any constable of any county in which the party to be served is found, provided that no officer who is a party to or interested in the outcome of a suit shall serve any process therein.[2]
Section 53.07(c) of the Texas Family Code, Service of Summons, which applies to juvenile certifications, provides: "Service of the summons may be made by any suitable person under the direction of the court."
In his first contention, appellant urges that the mode of service provided in Rule 103, Texas Rules of Civil Procedure, is mandatory and exclusive, and since the summons was not served by an officer or a constable of this state, the service was void and of no effect. It is clear that a juvenile court lacks jurisdiction to consider waiver of jurisdiction and discretionary transfer to district court for criminal proceedings where the juvenile has not been served with summons to the hearing. In the Matter of W. L. C., 562 S.W.2d 454 (Tex.1978); In the Matter of D. W. M., 562 S.W.2d 851 (Tex. 1978); In the Matter of T. T. W., 532 S.W.2d 418 (Tex.Civ.App.Texarkana 1976, no writ). It is undisputed that appellant here was served with a summons.
Appellant's primary contention in support of his point of error number one is that the service of summons by Marion Thompson, a juvenile probation officer, deprived him of due process because Mr. Thompson was a witness for the state at the certification hearing, and his testimony was adverse to appellant and, therefore, Thompson was interested in the case so as to disqualify him from serving a summons.
Texas courts, like a number of other states, hold that the proceedings in a juvenile case are not criminal in nature, but rather are civil proceedings. Carrillo v. State, 480 S.W.2d 612 (Tex.1972); J. J. H. v. State, 557 S.W.2d 838 (Tex.Civ.App.Waco 1977, no writ). It is often stated that juvenile proceedings are governed by the Texas Rules of Civil Procedure. J. J. H. v. State, supra; Yzaguirre v. State, 427 S.W.2d 687 (Tex.Civ.App.Corpus Christi 1968, no writ). However, there are also Texas cases which have held that the Rules of Civil Procedure apply to juvenile cases as far as practicable. Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1968); Steed v. State, 143 Tex. 82, 183 S.W.2d 458 (1944); Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944); In the Matter of R. A. B., 525 S.W.2d 892 (Tex.Civ. App.Corpus Christi 1975, no writ). Moreover, Section 51.17 of the Texas Family Code provides that the Texas Rules of Civil Procedure govern juvenile proceedings unless they conflict with provisions of Title 3 of the Code.
*638 We disagree with appellant's contention that the service of summons in a juvenile proceeding must be made pursuant to the provisions of Rule 103, Tex.R.Civ.P., and this type of service is mandatory. Our holding herein is not inconsistent with the cases above cited and this is particularly true where the Family Code contains a specific provision for the service of such process. It is clear that the legislature intended to give the juvenile court discretion to determine who is a "suitable person" to serve a summons on a juvenile. See Commentary to the Family Code, set forth in 5 Tex.Tech. L.Rev. 545, 553-54 (1974). We hold that Rule 103 of the Texas Rules of Civil Procedure is not a mandatory provision for service of a summons in a juvenile case.
We also disagree with appellant's contention that the officer or probation officer here involved is not a suitable person to serve such summons. The fact that a person may be called as a witness by one or the other party to a suit and may thereafter testify favorably or adversely to the person calling him, does not make him an interested party in the ordinary sense of the word or make him a person interested in the outcome of the suit.
A juvenile probation officer who is familiar with the person served or who may have worked with him in an attempt to rehabilitate him would appear to be a very suitable person to serve notice on a juvenile for an appearance at a hearing to determine whether he will be certified to stand trial as an adult for an alleged offense. We hold that Mr. Thompson was a suitable person to serve the summons here involved.
It is often said that an essential element of due process is a meaningful opportunity to be heard. It is undisputed that appellant and his mother were duly served with a copy of the petition, the motion for certification to transfer the cause, and the summons, and appeared at the hearing and were represented by counsel. We see no violation of due process and due process was afforded to appellant.
Appellant's point of error number one is without merit and is overruled.
Appellant's second point of error complains that there is insufficient evidence to support the trial court's finding that use of procedures, services, and facilities currently available to the juvenile court are inadequate to protect the public and reasonably rehabilitate appellant. Section 54.02(f) of the Family Code provides that in making its determination whether to waive and transfer the court shall consider, among other things:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
Tex.Fam.Code Ann. § 54.02(f) (Vernon 1975).
Appellant's complaint in this point of error is centered on section 6 of such section. However, he also complains that the court did not make specific findings on every element of section 54.02(f).
The proceeding in the juvenile court is, by the nature of the Texas Family Code, discretionary in character. In the Matter of M. I. L., 601 S.W.2d 175 (Tex.Civ.App. Corpus Christi 1980, no writ).
In its judgment, the trial court enumerated the statutory requirements of section 54.02(a), as to waiver and transfer to criminal district courts, and stated that each had been found. The court further listed the six factors of section 54.02(f) and stated that each had been considered in making a *639 determination. The judgment then contains these additional findings:
The Court specifically finds that the said P.G. is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by the said P.G., and to have aided in the preparation of this defense; that the offenses alleged to have been committed by the said P.G., to wit: Sexual abuse of a Child, alleged to have been committed on the 13th day of April, 1980, A.D., was committed in an aggressive and premediated [sic] manner; that evidence was presented concerning the alleged offenses upon which a grand jury may be expected to return an indictment; because of the seriousness and gravity of the alleged offenses demonstrated to the Court that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said P.G. by use of procedures, services, and facilities currently available to the JUVENILE COURT.
The court need not find that all the factors in subdivision (f) have been established, but it must consider all these factors and state the reasons for its transfer so that the appellate court may review the basis on which the conclusion was made and can determine whether the evidence so considered does in fact justify that conclusion. In the Matter of J. S., 602 S.W.2d 585 (Tex.Civ.App.Amarillo 1980, no writ); T. P. S. v. State, 590 S.W.2d 946 (Tex.Civ.App. Dallas 1979, writ ref'd n. r. e.); In the Matter of J. R. C., 551 S.W.2d 748 (Tex.Civ. App.Texarkana 1977, writ ref'd n. r. e.).
In the case of In the Matter of G. B. B., 572 S.W.2d 751 (Tex.Civ.App.El Paso 1978, writ ref'd n. r. e.), there was evidence presented at the trial court in favor of keeping the juvenile in a juvenile system, including the recommendations of the psychological and psychiatric examinations that he be treated as a juvenile. The appellate court, in affirming the trial court's certification, stated:
Section 54.02 does not require that in order for the juvenile court to waive its jurisdiction that all matters listed in subsection (f) must be established. Rather, the Section provides that the Court may waive its jurisdiction if it finds that because of the seriousness of the offense or the background of the child, the welfare of the community requires criminal proceedings instead of juvenile proceedings.
572 S.W.2d at 756.
The Court in In re Q. D., 600 S.W.2d 392 (Tex.Civ.App.Fort Worth 1980, no writ), stated:
Assuming arguendo, even if there is insufficient evidence to support factors (4), (5), and (6), since Q.D. attacks only the sufficiency of the evidence as to these factors, he logically concedes that there is sufficient evidence to support the findings of factors (1), (2) and (3). Based on the case law authority cited above, the findings on these first three factors alone would be enough to support the certification decision, so long as the trial court considered the other three factors. This the trial court did, as is indicated by the record and the trial court's order waiving jurisdiction.
Moreover, we hold there was sufficient evidence to support the findings of the trial court with respect to each of the challenged criteria.
600 S.W.2d at 395. See also, Q V v. State, 564 S.W.2d 781 (Tex.Civ.App.San Antonio 1978, writ ref'd n. r. e.).
In reviewing appellant's factual and sufficiency point of error we have considered all the evidence. Dr. Sherman, the Bexar County psychologist, testified that appellant lacked motivation, but that he had no particular opinion as to whether the juvenile or adult system could best handle appellant. He stated that appellant needed a structured environment and that such an environment could be provided by the Texas Youth Council. He did testify that the hopes of rehabilitating the appellant were minimal and that he was mature enough to be legally treated as an adult.
*640 Mr. Marion Thompson, a Juvenile Probation Officer, testified that the Juvenile Probation Department had received seven referrals on appellant to the juvenile system,[3] and appellant was placed on one-year probation at one point. He further stated that up to this point the juvenile system had not been able to rehabilitate appellant or to protect the public from him.
It is to be remembered that appellant challenges the sufficiency of the evidence as to only one of the six elements or factors enumerated in Section 54.02(f). Even if the evidence were insufficient to support this one factor, the court's determination would not require a reversal since the findings on the other five factors were not questioned. However, we have concluded that the evidence is sufficient to support the trial court's finding as to the one factor challenged by appellant.
Appellant's point of error number two is overruled.
Appellant's last point of error urges that the original petition and motion to certify and transfer failed to allege a criminal offense which can be committed by appellant. He contends that a child cannot commit the offense of sexual abuse of a child although he acknowledges that he could properly be charged with sexual offenses against adults. Appellant relies basically on the Penal Code Practice Commentary which applies to both 21.09, Rape of a Child, and 21.10, Sexual Abuse of a Child, as authority for this proposition. We think appellant's reliance on such Practice Commentary is misplaced. The Practice Commentary with reference to the age of consent states as follows:
Despite the consistent employment of these ages and the age differential, however, most will readily concede that they are essentially arbitraryas is any attempt to proscribe a uniform age for coming of sexual and emotional maturity. At the same time, age 17 is a somewhat more realistic measure of maturity today than the 18, 21 and 25 of prior law, and the 2-year differential better focuses these offenses on the true offender, he who takes advantage of a child's immaturity.
It is appellant's contention that this Commentary evidences that the legislature drafted sections 21.09 and 21.10 with the intention of protecting children against sexual assaults by adults only. We disagree. It is clear from reading sections 21.09 and 21.10 and the Commentary thereto, that the reason the legislature drafted these sections is to provide for the so-called "statutory" sexual offenses, as distinguished from the sexual offenses committed by force against any person, regardless of age. The Commentary to section 21.09 states as follows:
The female legally incapable of consenting to sexual intercourse is the subject of the offense created by this section, which is often called statutory rape. Rape by force, threat, or fraud, it should be noted, is proscribed by Sections 21.02 (rape) and 21.03 (aggravated rape), so this Section 21.09 deals only with consensual (in fact) sexual intercourse.
The Commentary to section 21.10 states:
This section tracks Section 21.04 (sexual abuse), but applies to victims legally incapable of consent.
The distinguishing feature between the ordinary sexual offense statutes (§§ 21.02, 21.03 and 21.04) and those committed against a child (§§ 21.09 and 21.10) is consent of the victim. Under sections 21.09 and 21.10, consent of the victim is not a defense. Compare Brem v. State, 571 S.W.2d 314 (Tex.Crim.App.1978) with Hohn v. State, 538 S.W.2d 619 (Tex.Crim.App. 1976) and Griffin v. State, 514 S.W.2d 278 (Tex.Crim.App.1974).
Therefore, the focus of these penal statutes is on the victim and his ability to consent. The statutes evidence an intention to protect a child from anyone who commits a sexual assault on him with or *641 without his consent. It would frustrate the intent of the statutes to hold that a child is protected from sexual abuse by adults, with or without his consent, but is not protected from sexual abuse by minors, with or without his consent. Children are entitled to no less protection from other children who sexually abuse them than they are from adults who sexually abuse them.
Appellant's third point of error is overruled.
All of appellant's points of error have been considered and all are overruled. The trial court judgment is affirmed.
NOTES
[1] Section 54.02 of the Texas Family Code, Waiver of Jurisdiction and Discretionary Transfer to Criminal Court, provides that the juvenile court may waive jurisdiction and transfer the child to the appropriate district court for criminal proceedings if (1) the child is alleged to have committed a felony; (2) the child was at least 15 years old at the time of the alleged offense and no adjudication hearing has been conducted concerning that offense; and (3) after investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
[2] Rule 103 was amended effective January 1, 1981; however, the quoted provision above was in effect at the time appellant herein was served.
[3] These referrals consisted of theft, passing checks, possessing marijuana under two ounces, and criminal mischief.