v.

**The STATE of Texas, Appellee.**

**No. 05–87–00351–CV.**

Court of Appeals of Texas, Dallas.

Sept. 29, 1987.

DEVANY, Justice.

Appellant, C___ W___, a fifteen-year-old child, appeals an order of transfer of the Juvenile Court requiring C___ W___ to stand trial as an adult in the Criminal District Court.

C___ W___'s appeal contains five points of error; however, at oral argument he abandoned his first point of error. In his remaining four points, he complains that the trial court failed to inform him of his right to appeal, that a finding of the court was contrary to the evidence, that the trial court erred in admitting evidence contrary to a deemed admission by the State, and that the trial court erred in not announcing its decision in open court with C___ W___ present. Finding no merit to C___ W___'s complaints, we affirm the order of transfer.

■ C___ W___ states in his second point of error that section 56.01(e) of the Family Code mandates that "the court shall instruct the attorney to advise the child and his parent, guardian, or guardian ad litem of the child's right to appeal...." TEX. FAM.CODE ANN. § 56.01(e) (Vernon 1986). The record reveals that at the conclusion of the hearing the judge announced that she would consider her judgment and that the parties could contact her court administrator the following Monday morning for the court's decision. When the order was signed by the court, C___ W___ filed his appeal immediately.

■ The record does not reveal that the court notified C___ W___ that he had a right to appeal the decision. Ordinarily this would be error; however, since C___ W___ timely filed his appeal, which is now before us, the question is raised as to whether the trial court's error is reversible error when the child timely proceeds with an appeal.

It is obvious that the legislative intent in section 56.01 is to protect the rights of the child. In this instance, the right to appeal is a fundamental right and the child should be able to make an informed decision as to whether he wishes to appeal. If thirty days had passed without the filing of an

Larry Doby Rayford, Dallas, for appellant.

Timothy B. Couch, Dallas, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

appeal, *L.L.S. v. State of Texas*, 569 S.W.2d 495, 496 (Tex.1978), and the court had not admonished the child of his right to appeal, we would have a different fact situation. However, because in this case C___ W___ began the appeal process immediately after the judgment and the appeal is now before this court, C___ W___ is not harmed. Once having timely filed the appeal, the intent of the statute is accomplished. Thus, although we hold that the juvenile court erred by failing to follow a statutory mandate, in this case it was harmless error. C___ W___'s second point of error is overruled.

■ C___ W___'s third and fourth points of error complain that the juvenile court's admission of testimony regarding the likelihood of C___ W___'s rehabilitation is contrary to a deemed admission, and the court's subsequent finding on this matter is contrary to the evidence resulting from that admission. The record indicates that C___ W___ has a history of previous offenses. He has been arrested in connection with nine felony offenses since May 21, 1986. The crimes involved in this particular transfer order are three aggravated robberies. In the first of these robberies, occurring on November 22, 1986, C___ W___ and an accomplice allegedly grabbed a woman, pushed her to the ground, and stole her purse. In the second robbery, occurring on November 29, 1986, C___ W___, with an accomplice standing nearby, allegedly pointed a gun at a man demanding jewelry and money. One day later, C___ W___ and his accomplice allegedly robbed another man in a similar manner. In all of the alleged robberies, C___ W___ either followed the victims home or awaited their arrival. Furthermore, C___ W___ was the principal figure in the alleged robberies.

Section 54.02(a) of the Family Code sets forth three elements that must be found prior to a juvenile being certified as an adult:

(1) The child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

TEX.FAM.CODE ANN. § 54.02(a) (Vernon 1986).

The juvenile court found all of these elements present in this case. In making the determinations required above, the Family Code requires that the trial court consider the following factors:

(1) Whether the alleged offense was against person or property, with the greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

TEX.FAM.CODE ANN. § 54.02(f) (Vernon 1986).

Based on the facts outlined previously, the juvenile court found that: the alleged offenses were against person and property and were committed in an aggressive and premeditated manner; there is evidence upon which the grand jury may be expected to return an indictment; C___ W___ is of sufficient sophistication and maturity to aid an attorney in his defense and be tried as an adult; and, because of the record and previous history of C___ W___ and the extreme nature of the crimes, the prospects of adequate protection for the public and the likelihood of reasonable rehabilitation are in doubt.

The deemed admission in effect at the hearing stated that there is no reasonable evidence to suggest that C____ W____ could not be rehabilitated by the use of services currently available. It is well established that a party is precluded from denying facts that are deemed admitted. *Agristor Credit Corp. v. Donahoe*, 568 S.W.2d 422, 427 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). However, the judge admitted testimony regarding the possibility and likelihood of C____ W____'s rehabilitation. This was erroneous. However, we hold this to be harmless error for the reasons stated below.

 The trial court is bound to consider, as it did in this case, all six statutory factors, among other matters. It need not find that each of the six factors is established by the evidence. *In Re Q.D.*, 600 S.W.2d 392, 395 (Tex.Civ.App.—Fort Worth 1980, no writ). C____ W____ challenges the sufficiency of evidence as to only one of the six elements enumerated in section 54.02(f) concerning the likelihood of rehabilitation. Even excluding the inadmissible testimony regarding the likelihood of rehabilitation and assuming arguendo the evidence was then insufficient to support this one factor, the court's determination does not require a reversal since the findings on the other five factors were not questioned. *P.G. v. State*, 616 S.W.2d 635, 640 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.).

In reviewing insufficiency points, this Court must consider all of the evidence, including that which is contrary to the judgment, in determining whether it supports the judgment. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). The standard of review is whether the findings are so against the great weight of the evidence as to be manifestly unjust. *Casiano v. State*, 687 S.W.2d 447, 449 (Tex.App.— Houston [14th Dist.] 1985, no writ). We hold that the findings in this case are not against the great weight of the evidence. Therefore, we overrule C____ W____'s third and fourth points of error.

 In C____ W____'s final point of error, he complains that the trial court erred in not announcing its decision in open court with C____ W____ present. While the better practice is to have the juvenile present at all phases of the transfer proceedings, we do not find that due process requires the juvenile to be present when the court declares its judgment waiving jurisdiction. Thus, C____ W____'s fifth point of error is overruled.

 The proceeding in the juvenile court is discretionary in character. *P.G. v. State*, 616 S.W.2d at 638. We hold that the trial court did not abuse its discretion in transferring C____ W____ to the criminal district court and that the order is supported by competent evidence under the statute.

Accordingly, we affirm the juvenile court's order of transfer.