**In the Matter of S C B, Appellant,**
v.
**The STATE of Texas, Appellee.**
**No. 17245.**
Court of Civil Appeals of Texas, Houston (1st Dist.).
Feb. 15, 1979.
Rehearing Denied March 22, 1979.

Woody & Rosen, Marian S. Rosen, Houston, for appellant.

Carol Vance, Dist. Atty., William T. Harmon, Douglas O'Brien, Asst. Dist. Attys., Houston, for appellee.

WARREN, Justice.

S.C.B. a juvenile, appeals from a Juvenile Court order waiving its jurisdiction and certifying appellant as an adult for trial in the Criminal District Court of Harris County.

Appellants first point of error complains of the Juvenile Court's failure to suppress "subsequent photographs, photographic spread, lineups, samples of hair from appellant's head and pubic region as well as other evidence seized as a result of or related to the initial invalid arrest."

The state's case consisted of two witnesses. The complaining witness testified that on February 1, 1978, she was walking from the parking lot of her apartment situated on Wild Indigo, Houston, Harris County, Texas, when two males approached her, pinned her against a car and put a knife to her side. One of the males said "keep going, I've got a gun, I'll blow your head off." Four hundred dollars in cash was taken from her. After being asked, she held up her car keys and pointed to her car.

The respondent who had a knife in his hand sat in the driver's seat and complainant sat in the middle of the other front seat. Respondent then drove the car to a construction site, stopped the car, and told complainant to get in the back seat. He then had sexual intercourse with complainant and made her commit oral sodomy. Afterwards he took a ring from her finger, looked through her purse and billfold, then gave her purse back to her. They both put on their clothes and respondent drove to a residential area where he got out of the car. She was with respondent "over a hour and a half, maybe closer to two hours". She testified that she was sure S.C.B. was the man who committed these acts.

Dr. James Ray Hayes, a clinical psychologist testified that he had examined S.C.B. and gave his evaluation and his findings as to the appellant's background, mental state, capacity and benefit from treatment, psychological examination, maturity and prognosis for changes.

As previously stated, the only evidence introduced by the State regarding the offense was the complainant who identified appellant as her assailant and testified as to the facts of the alleged offenses. No evidence was introduced by the State concerning the arrest, lineup, photographs of hair samples; appellant in bills of exception and voir dire attempted to prove that the arrest was made without a warrant probable cause and that the lineups which resulted in appellant's arrest were illegal.

■ Article 52.01(a)(3) of V.A.T.C., Family Code provides that "a child may be taken in custody: . . . (3) by a law-enforcement officer if there are reasonable grounds to believe that the child has engaged in delinquent conduct or conduct indicating a need for supervision." In this case the arresting officers were furnished an offense report and instructed to go and arrest S.C.B. Before leaving they talked with persons in the homicide division and discovered that the complainant had described S.C.B. to Officer Wilburn of Homicide. He was picked up and brought to the police station for further investigative purposes.

Under the circumstances it appears that the officers had reasonable grounds to believe that the child had engaged in delinquent conduct or conduct indicating the need for supervision, as required by the statute. There was no evidence offered by the state concerning the matters of which appellant complains, thus nothing to suppress.

■ In his second, third and fourth points of error appellant complains that the Juvenile Judge erred in holding that the juvenile had waived his constitutional rights and in failing to suppress photographic and lineup identification. Such rulings were not made by the court; thus, there is no error.

Appellant's fifth point of error alleges that the trial court erred in denying appellant leave to file his motion to quash and dismiss the petition, and his motion to suppress evidence based upon the "three day rule". According to appellant, Rule 21a of the Texas Rules of Civil Procedure should not be held applicable due to the inherently criminal nature of the certification proceedings.

The record shows that the certification hearing began on May 4, 1978, that counsel for appellant was hired some time before this date and made an appearance in the case on March 6, 1978. However, a motion was filed by appellant in the Federal Court to restrain these proceedings, and on May 3, 1978, an order denying appellant's requested relief was filed. The state objected to the filing of the motions to suppress and to quash because it was not given three days notice of the motions as required by Rule 21a Texas Rules of Civil Procedure, which was sustained by the trial court. Considering the length of time counsel had been retained and the fact that there had been no amendment of the pleadings by the state, we hold that there was no error by the court in enforcing T.R.C.P., Rule 21a.

Appellant's sixth point of error alleges that the trial court erred in failing to dismiss the petition which did not meet the requirements of procedural due process, notice and specificity mandated by the Texas Family Code, Texas Code of Criminal Procedure, the Texas Rules of Civil Procedure and the Constitution of the United States.

We have inspected the petition and find that it satisfies both the criminal and civil tests regarding notice and specificity.

The petition contains three counts. The first gives the date (on or about), the county, the state and alleges an aggravated rape of complainant by appellant in the words of the criminal statute making them an offense. (Article 21.02, V.A.T.C., Penal Code). The second count gives the on or about date, the county and state in the words of the criminal status making this an offense. (Art. 29.02, V.A.T.C., Penal Code).

The third count is the same except it alleges an abduction of complainant by appellant with intent to violate and abuse her sexually.

Each count states with reasonable particularity the time, place and manner and penal law or standard of conduct allegedly violated by his acts as required by Article 53.04(d)(1) of the Family Code. Appellant filed no special exceptions to the petition.

Appellant's seventh point of error complains of the failure of the trial court to quash and dismiss the petition because of the unconstitutionality of Section 53.04 of the Texas Family Code which purports to authorize the filing of criminal proceedings on mere information and belief without a sworn affidavit.

An information filed in a misdemeanor supported by a complaint made by an affiant on information and belief has been held to be valid, *Wells v. State,* 516 S.W.2d 663 (Tex.Cr.App.1974) and many indictments by a grand jury are based on information and belief, the only standard being imposed being Art. 19.34, Texas Code of Criminal Procedure, and this being the oath administered to the Grand Jury.

Point of error number eight complains that the trial court erred in certifying the appellant to stand trial as an adult for the reason that the certification procedure utilized under Section 54.01 *et seq.* of the Texas Family Code is unconstitutional.

A review of *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, shows that the Texas Legislature paid close attention to the suggestion and guidelines by the Supreme Court of the United States in writing Part 54 of the Family Code. In many instances the wording is verbatim. This section has previously been held to be constitutional in the *Matter of P.B.C.,* Tex. Civ.App., 538 S.W.2d 448 and *In the Matter of I.J., Jr.,* Tex.Civ.App., 546 S.W.2d 110. The point is overruled.

Point of error number nine complains that the trial court erred in refusing

to furnish appellant a Statement of Facts without cost. The juvenile court after considering the evidence on a hearing, found that the appellant was not entitled to be furnished a free Statement of Facts and Transcript. There are no standards set out for guidance to trial judges in determining actual indigency of a criminal defendant for purposes of appeal and each case must be decided on its own facts. *Conrad v. State,* 537 S.W.2d 755 (Tex.Cr.App.1976). Appellant herein has in fact secured a record and perfected this appeal. No action for mandamus of the juvenile judge was brought and no harm is shown.

The judgment of the juvenile court is affirmed.