v.

**STATE of Texas, Appellee.**

**No. 20929.**

Court of Civil Appeals of Texas, Dallas.

June 24, 1981.

Lawrence E. Ackels, Jr., Ackels, Ackels & Ackels, Dallas, for appellant.

Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STEPHENS, JJ.

STEPHENS, Justice.

This is an appeal by a juvenile from an order of the juvenile court transferring him to a felony court for trial on the charge of murder. The sole question on this appeal is whether appellant is entitled to a hearing as to his responsibility for his delinquent conduct at the time of such conduct, as provided in section 55.05 of the Texas Family Code, (all references are to Tex.Fam. Code Ann. (Vernon 1975 and Supp. 1980–1981), unless otherwise indicated), prior to transfer to a criminal district court as provided by section 54.02 of the Code. We hold that he is not entitled to such a hearing and affirm the trial court.

This is the second appeal of this case to this court. T. P. S., a fifteen-year old boy, was charged with murder. The juvenile court ordered the case transferred to a criminal district court for trial. The first appeal was on the grounds that appellant had been denied a hearing as to his need for

temporary hospitalization under section 55.-02 of the Code. *T. P. S. v. State of Texas*, 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.). We held that he was entitled to a determination of his need for temporary hospitalization, prior to transfer, and remanded with instructions to the trial court to initiate proceedings for temporary hospitalization under section 55.02 of the Family Code and in accordance with the applicable provisions of the Mental Health Code. We further instructed the trial court to suspend the transfer proceedings in the event it was determined that temporary hospitalization was required, and if no such requirement was found, then to transfer appellant to a criminal court for trial in accordance with section 54.02.

The trial court heard evidence on the question of appellant's need for temporary hospitalization, found that he did not need temporary hospitalization, and on August 12, 1980, again entered its order transferring appellant to a criminal district court for trial. This appeal is from the August 12, 1980, transfer order.

Appellant contends that the denial of his motion for medical and psychiatric inquiry and motion requesting hearing before a jury under section 55.05 of the Code constitutes reversible error. We disagree. Article 55.05 of the Code provides that "[a] child is not responsible for delinquent conduct or conduct indicating a need for supervision if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." Section 55.05(c) provides that "[t]he issue of whether the child is not responsible for his conduct as a result of mental disease or defect shall be tried to the court or jury in the adjudication hearing."

■ We conclude that the trial court correctly held that appellant was not entitled to a hearing under section 55.05 in a discretionary transfer proceeding. Appellant views this court's prior opinion in *T. P. S. v. State, supra,* as disagreeing with the holding in *R. K. A. v. State*, 553 S.W.2d 781

(Tex.Civ.App.—Fort Worth 1977, no writ) on this point. There the court held that section 55.05 and section 55.02 apply only in the event the child is to be tried as a juvenile on the issue of delinquent conduct or need for supervision. This court's refusal to follow *R. K. A.* was limited to its application of a section 55.02 proceeding relating to temporary hospitalization. We agree with *R. K. A.* insofar as it holds that a child is not entitled to a hearing under section 55.05 other than in an adjudication hearing. Temporary hospitalization under section 55.02 is something a child may need immediately, before transfer to the criminal court, and the report of such hospitalization may bear on the matters to be considered by the court in ordering a transfer, as we recognized in our earlier opinion. *T. P. S. v. State, supra,* at 949–50. On the other hand, the child's mental capacity at the time of the alleged delinquent conduct under section 55.05 is a matter of defense that should be considered on the trial of the case. This view is confirmed by the requirement in section 55.05(c) that the issue shall be tried "in the adjudication hearing." If a transfer is ordered, the issue must be determined at the trial in the criminal court. The Code does not contemplate two trials of this issue.

■ We find no merit in appellant's contention that a child would be deprived of due process and equal protection of the laws if his mental capacity is determined by the "more onerous standards" applicable in the criminal courts. Without determining whether that standard is actually more onerous, we conclude that the different treatment which may be applicable to a child after transfer is not a denial of his constitutional rights. The concept of discretionary transfer in itself implies that some children may be treated as adults and others as juveniles. Since the court's discretion is not arbitrary, but must be exercised under the standards prescribed by section 54.02, it has withstood constitutional attack. *See Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); *T. P. S. v. State of Texas*, 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).

Affirmed.