**In the Matter of J. L., Jr., Child.**

No. 5669.

Court of Appeals of Texas,
Eastland.

Nov. 25, 1981.

Rehearing Denied Dec. 17, 1981.

Sam Moore, Robinson, Hanna, Moore & Holloway, Inc., Abilene, for appellant.

Joe Edd Boaz, County Atty., Anson, John Watts, Hamlin, for appellee.

DICKENSON, Justice.

The controlling question is whether a child can secure a trial de novo, after the expiration of the period in which an appeal could have been perfected, on an order by a nonlawyer Juvenile Court Judge transferring the child to the District Court for criminal proceedings. We hold that the right to a trial de novo must be claimed before the expiration of the time allowed for perfecting an appeal.

J. L., Jr., appellant, was 16 years old on April 10, 1981, when he shot and killed another juvenile. The Juvenile Court of Jones County waived its jurisdiction and transferred the child to the 259th District Court on April 28, 1981. There was no motion for new trial. There was no attempt to appeal that order before the child's "Request for Trial de Novo" was filed on July 2, 1981. That request was denied. We affirm the order which denied a trial de novo.

Appellant has briefed three points of error. Point One contends that the Judge of the Alternate Juvenile Court of Jones County erred in denying his request for trial de novo. This point is overruled.

Tex.Fam.Code Ann. § 51.18 (Vernon Supp.1981) provides:

> If a juvenile court, the judge of which is not an attorney licensed in this state, issues *an order that may be appealed* as provided in Subsection (c) of Section 56.01 of this code, the child shall have a right to a trial de novo before the alternate juvenile court or may appeal the order of the court as provided in Section 56.01. (Emphasis added)

The Supreme Court has held that the right to appeal under Tex.Fam.Code Ann. § 56.01 (Vernon 1975) must be perfected "as in civil cases generally." *L. L. S. v. State*, 569 S.W.2d 495 (Tex.1978). Tex.R.Civ.P. 356 has been amended to allow 30 days after the judgment is signed (or 90 days if a timely motion for new trial is filed) to perfect an appeal. Even though the Juvenile Court Judge of Jones County is not an attorney, his order became final because there was no motion for new trial, no timely appeal, and no timely request for a trial de novo. The request for trial de novo was filed 65 days after the order transferring the child for prosecution as an adult under Tex.Fam.Code Ann. § 54.02 (Vernon Supp. 1981). When the transfer order became final, 30 days after its entry since no motion for new trial was filed, it was no longer "an order that may be appealed," and the child no longer had the "right to trial de novo" under Section 51.18, supra, or Tex.Rev.Civ. Stat.Ann. art. 2338–1.1 (Vernon Supp.1981).

The other two points of error challenge the transfer order which had become final, not the order refusing a trial de novo. These points are overruled for the reasons stated under Point of Error number one.

The judgment of the trial court is affirmed.