Rudolpho GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–086 CR.

Court of Appeals of Texas, Beaumont.

Nov. 9, 1983.

David Timothy Edwards, San Angelo, for appellant.

Dick Alcala, Dist. Atty., San Angelo, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted of murder in 1981 by a jury in Tom Green County and the jury assessed punishment at twenty-five years confinement in the Texas Department of Corrections. Appeal was taken to the Court of Criminal Appeals; subsequently, the Supreme Court transferred the appeal to the Austin Court of Appeals; thereafter, in May 1983, it was transferred to this Court.

Ground of error number one states: "The trial court committed reversible error in failing to sustain appellant's timely objection to State's Exhibit No. 8, an inflammatory and prejudicial photograph of the body of the alleged victim."

■ The photograph is not pleasant to see but it is not gruesome. Its competency is that it clarifies Dr. Womack's testimony somewhat. At any rate, we find the photograph well within the limits set by *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.), cert. denied, 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312 (1972), and thus overrule this ground of error.

Ground of error number two is as follows: "The trial court committed reversible error in overruling appellant's motion to suppress the confession herein, for the reason that such confession was not the free and voluntary act of appellant, but, the product of subtle coercion and undue unpermissible suggestion on the part of the arresting and investigating officers."

■ Appellant makes a good argument and cites all the right cases on this subject. The problem, from appellant's standpoint, is that there simply is no evidence to support his contention that the confession was not given freely and voluntarily—in fact, the evidence is to the contrary. Therefore, this ground of error is overruled.

Appellant, in his third ground of error, contends: "The trial court committed reversible error in overruling appellant's motion to suppress evidence herein, in that Article 52.01, Texas Family Code, ... is unconstitutional, for the reason that said statute deprives appellant and other juveniles equal protection of the law ...."

■ *TEX.FAM.CODE ANN.* § 52.-*01(a)(3)* (Vernon 1975) authorizes the taking of a juvenile into custody "by a law-enforcement officer if there are reasonable grounds to believe that the child engaged in delinquent conduct or conduct indicating a need for supervision." Appellant makes a convincing claim that he was denied equal protection, arguing that had he been a bit older the officer taking him into custody would have first been required, under *TEX. CODE CRIM.PROC.ANN. art. 14.04* (Vernon 1977), to obtain an arrest warrant. As we see it, the Legislature, by enacting Title 3 of the Family Code, has made a deliberate attempt to not treat delinquent juveniles as criminals. *See S C B v. State,* 578 S.W.2d 833 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Matter of D.M.G.H.,* 553 S.W.2d 827, 828 (Tex.Civ.App.—El Paso 1977, no writ). Therefore, this different approach stems from benevolence, not discrimination, and is therefore based upon a reasonable and substantial classification. We hold this part of the Family Code constitutional. *Avery v. Midland County,* 390 U.S. 474, at 485, 88 S.Ct. 1114, at 1120, 20 L.Ed.2d 45, at 53, on remand, 430 S.W.2d 487 (Tex.1968); *Milligan v. State,* 554 S.W.2d 192, 194 (Tex.Cr.App.1977). This ground is overruled.

Appellant's grounds of error five and six are answered herein, except we note that *TEX.FAM.CODE ANN. art. 52.01(a)(3)* does not require exigent circumstances. These grounds are overruled.

The judgment of the trial court is Affirmed.

Affirmed.