Ray CASIANO, Appellant,

v.

STATE of Texas, Appellee.

No. B14–84–406CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 14, 1985.

Mike Hernandez, Houston, for appellant.

Molly D. Shannon, Mike Driscoll, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an order of the juvenile court waiving jurisdiction and transferring appellant to criminal district court for trial for aggravated robbery on Count II of the petition. We affirm.

Complainant and his friend were walking toward a coliseum in Houston to attend a concert when they were confronted by appellant and a group of about seven other boys. Appellant held a knife on complainant while the others took a wallet and some money from his pockets. One of the group hit complainant's friend with a chain. Complainant testified that the knife appellant held toward his face was like a hunting knife and that he was afraid of getting hurt. He also stated that appellant told him he wanted his shirt and attempted to take it off him. A member of the Guardian Angels testified that appellant and the others ran when he approached the scene and that he did not see a weapon or find one on appellant when he apprehended him.

The juvenile probation officer who prepared the Certification Investigation Report, as required by statute, testified that appellant had been previously referred eight times to the juvenile system. The officer testified that if the court retained jurisdiction, he would recommend that appellant be re-committed to the Texas Youth Commission, whose services would be appropriate for appellant. He also stated that none of the prior referrals were for aggravated offenses and that appellant did not appear to be an aggressive person.

In his sole point of error, appellant contends that the evidence is insufficient to support the trial court's waiver of jurisdiction and transfer to criminal court. Specifically he argues that the requirements of TEX.FAM.CODE ANN. § 54.02(a) and (f) were not met by the juvenile court in its finding. Those sections provide for such a waiver after full investigation and hearing if the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings. Subsection (f) requires the court to consider the following, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

TEX.FAM.CODE ANN. § 54.02(f) (Vernon 1975).

■ Appellant argues that the court's findings are inconsistent with the evidence presented. For example, the court uses the word "offenses" instead of "offense" in its finding even though the record reveals that appellant was initially charged with two counts of aggravated robbery, and one count was subsequently dropped. This is not error, as the State clearly announced it would proceed only on Count II of the petition, and the Court in its finding stated it was waiving jurisdiction on Count II of the petition.

Appellant further complains that the finding that the offenses were committed in an aggressive and premeditated manner is not sufficiently supported by the evidence. In reviewing insufficiency points,

the court must consider all the evidence, including that which is contrary to the judgment, in determining whether it supports the judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). The standard of review is whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Complainant testified that he and a friend were accosted by the group, his friend was hit with a chain by another boy, appellant held a hunting-size knife about a foot from his face for several minutes while the others took a wallet and money from him, and appellant tried to take his shirt. This evidence is sufficient to support the finding.

Appellant also contends that the court's finding as to his sophistication and maturity is insufficient and that its finding that there is little prospect for his rehabilitation is inconsistent with the evidence. He also complains that there is no finding by the court as to his record and previous history.

█ No separate findings of fact or conclusions of law are required by the code for the juvenile court to transfer proceedings to district court for criminal proceedings. *In the Matter of Paul Ray Honsaker II,* 539 S.W.2d 198, 202 (Tex.Civ.App.— Dallas 1976, writ ref'd n.r.e.). The order, however, should be sufficiently specific to allow an appellate court to review and understand the reasons for the juvenile court's determination. *Kent v. United States,* 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). An order is sufficient which states that all factors listed in § 54.02(f) were considered by the court and includes specific reasons for the waiver of jurisdiction such that the appellate court may review the basis for the conclusion and determine whether the evidence justifies the conclusion. *T.P.S. v. State,* 590 S.W.2d 946, 953 (Tex.Civ.App.— Dallas 1979, writ ref'd n.r.e.), *aff'd on remand,* 620 S.W.2d 728 (Tex.Civ.App.—Dallas 1981, no writ); *In re W.R.M.,* 534 S.W.2d 178, 182 (Tex.Civ.App.—Eastland 1976, no writ). In considering whether a juvenile should be tried as an adult, the trial court is only bound to consider all six factors under subsection (f) and need not find that each factor is established by the evidence. Findings on the first three factors alone are sufficient to support the waiver as long as the court considered the other three factors. *In re Q.D.,* 600 S.W.2d 392, 395 (Tex.Civ.App.—Fort Worth 1980, no writ). A Court of Appeals cannot substitute its judgment for that of the juvenile court which transferred the juvenile to district court. *In the Matter of I.L. v. State,* 577 S.W.2d 375, 377 (Tex.Civ.App.— Austin 1979, writ ref'd n.r.e.); *B.L.C. v. State,* 543 S.W.2d 151, 154 (Tex.Civ.App.— Houston [14th Dist.] 1976, writ ref'd n.r.e.).

█ Here, the Order Waiving Jurisdiction states that the court has considered each of the six factors enumerated in § 54.02(f). The Court specifically found the following: Appellant is of sufficient sophistication and maturity to have waived his rights and to have aided in the preparation of his defense; the offense alleged was committed against the person of another and committed in an aggressive and premeditated manner; evidence was presented upon which a grand jury might be expected to return an indictment; and there is little if any prospect of adequate protection of the public and likelihood of rehabilitation.

The evidence is sufficient to support the trial court's waiver of jurisdiction and the transfer of appellant. The point of error is overruled.

Affirmed.