**In the Matter of F.A., Appellant.**

No. 04–91–00594–CV.

Court of Appeals of Texas,
San Antonio.

July 15, 1992.

Steven T. Long, Law Offices of Steven T. Long, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Wayne Young, Robert C. Richardson, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, PEEPLES, and BIERY, JJ.

## OPINION

BUTTS, Justice.

The juvenile F.A. appeals from the order waiving jurisdiction and transferring him to criminal district court for trial as an adult. TEX.FAM.CODE ANN. § 54.02 (Vernon 1986 and Supp.1992). We affirm.

A petition charged F.A. with delinquent conduct, specifically alleging commission of the offense of murder on April 4, 1991. Subsequently, the juvenile court conducted the instant hearing on the petition for waiver of jurisdiction and discretionary transfer to criminal court and ordered the transfer. F.A. brings four points of error.

■ It is first asserted that the transfer proceedings, as evidenced by the order of the court, went beyond mere satisfaction of requirements and thus equated to an adjudication of guilt. Specifically F.A. complains of court finding number 11 in the order of transfer that "there is evidence on which a grand jury would be expected to return an indictment," and says this finding is equivalent to an adjudication of guilt, thus any further action in the criminal court would "equate to double jeopardy, violative of the United States Constitution, Article 5." Further, it is maintained, since this is an adjudication of guilt, there can be no valid transfer.

F.A.'s contention has previously been determined adversely. Texas courts have consistently held that the certification and transfer hearing cannot be considered an adjudicatory trial, since the juvenile's guilt or innocence is not the subject of the inquiry. *In the Matter of L.R.L.C.*, 693 S.W.2d 552, 553 (Tex.App.—San Antonio 1985, no writ). *See In re I.B.*, 619 S.W.2d 584, 586 (Tex.Civ.App.—Amarillo 1981, no writ); *Meza v. State*, 543 S.W.2d 189, 191 (Tex.Civ.App.—Austin 1976, no writ). The judge does not determine the juvenile's innocence or guilt at the hearing, but merely evaluates whether he should be tried as a juvenile or adult in subsequent proceedings. *In the Matter of D.W.L.*, 828 S.W.2d 520 (Tex.App.—Houston [14th Dist.] 1992, n.w.h.) Moreover, the finding that a grand jury would be expected to return an indictment is not tantamount to a conviction or final adjudication.

In addition, section 54.02(a) provides as one of the requirements for waiver that,

after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

TEX.FAM.CODE ANN. § 54.02(a)(3) (Vernon Supp.1992). The juvenile court also made a finding of probable cause in this case, which does not require a final resolution of conflicting evidence demanded by the reasonable doubt standard. It is plain that the transfer proceedings cannot be considered an adjudication because they did not result in a conviction or finding of guilt. Further, there had been no previous adjudication hearing. *See L.R.L.C.*, 693 S.W.2d at 553. Therefore, there is no article five, United States Constitution violation (double jeopardy). *Compare Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). The first point is overruled.

■ In points of error two and three, F.A. argues that the juvenile court failed to certify its action and failed to distinguish between its findings and reasons for the transfer, thereby rendering the transfer invalid. Section 54.02(f) requires that the juvenile court, in making its determination whether to waive jurisdiction and transfer to the criminal court, shall consider, among other matters, these six factors:

1. whether the offense was against a person or property; 2. whether the offense was committed aggressively and in a premeditated manner; 3. whether there is evidence on which a grand jury may be expected to return an indictment; 4. the sophistication and maturity of the child; 5. the record and previous history of the child; 6. the prospects of adequate protection of the public and the likelihood of rehabilitation of the child by use of procedures, services, and facilities currently available to the court.

The order of transfer states that the juvenile court considered the six factors. Further, there are fourteen findings. The cause is certified. *See Matter of B.V.*, 645 S.W.2d 334, 336 (Tex.App.—Corpus Christi 1982, no writ) (Signing of order by juvenile judge is sufficient to comply with requirement of certification).

In addition, the order sets out the reasons for certification, among them that a full investigative hearing was conducted and there is sufficient evidence to find probable cause that F.A. committed the alleged offense, which was against the person, committed aggressively and in a premeditated manner; further, that the court found as a reason F.A.'s maturity and so-

phistication, and that his previous history and record demands certification. Continuing, the court states it considered protection of the public and whether F.A. might be rehabilitated by available procedures but found as a reason for transfer they are not adequate. In addition, another reason listed was that because of the seriousness of the offense and background of F.A., the welfare of the community requires criminal proceedings.

 The order transferring proceedings to criminal district court should be sufficiently specific to allow an appellate court to review and understand the reasons for the juvenile court's determination. *Casiano v. State,* 687 S.W.2d 447, 449 (Tex. App.—Houston [14th Dist.] 1985, no writ), *citing Kent v. United States,* 383 U.S. 541, 561, 86 S.Ct. 1045, 1047, 16 L.Ed.2d 84 (1966). An order is sufficient which states that all factors listed in § 54.02(f) were considered by the court and includes specific reasons for the waiver of jurisdiction such that the appellate court may review the basis for the conclusion and determine whether the evidence justifies the conclusion. *Casiano,* 687 S.W.2d at 449. The court need not find that all six factors are established by the evidence. However, in the present case the juvenile court specifically stated it considered all six in the hearing and based its reasons for certification on these. There is no challenge to the evidence supporting the reasons.

We find that the juvenile court properly certified the proceedings and stated its reasons for certification. Therefore, the waiver of jurisdiction and transfer to criminal district court was not invalid because of any infirmities in the order. The points are overruled.

In the final point of error, F.A. states that § 54.02 is unconstitutional because it violates the Equal Protection and Due Process Clauses of the U.S. Constitution and the Texas Constitution. However, no argument and authorities are offered to support the point. TEX.R.APP. P. 74(f). Therefore, nothing is presented for review.

We note that, contrary to the assertion, this section of the Family Code has been upheld as not violative of the Constitution. *See S.C.B. v. State,* 578 S.W.2d 833, 836 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Matter of P.A.C.,* 562 S.W.2d 913, 917 (Tex.Civ.App.—Amarillo 1978, no writ).

The order is affirmed.