In the Matter of M.B.M., a Juvenile 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-107-CV

Â Â Â Â Â IN THE MATTER OF M.B.M., A JUVENILE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
 

From the 304th District Court
Dallas County, Texas
Trial Court # JD-32772-W
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant M.B.M., a juvenile, appeals from an order of the 304th District Court (sitting as
a juvenile court), waiving its jurisdiction and granting the State's motion for discretionary transfer
of Appellant's case to a criminal district court of Dallas County.
Â Â Â Â Â Â On January 11, 1994, the State filed a motion for discretionary transfer alleging Appellant had
committed the offenses of murder, attempted murder, and aggravated assault. The juvenile court
granted the State's motion.
Â Â Â Â Â Â Appellant appeals on four points of error.
Â Â Â Â Â Â Point one: "The 304th District Court lacked jurisdiction to order a transfer of Appellant to
a criminal district court for prosecution based upon the lack of proper notice to Appellant pursuant
to Texas Family Code, sections 53.06, 53.07 and 54.02(b)."
Â Â Â Â Â Â Point two: "The order of the 304th District Court's entitled waiver of jurisdiction and order
of transfer to a criminal district court, dated February 8, 1994, stating that Appellant was duly and
properly served, is not supported by the evidence."
Â Â Â Â Â Â Appellant complains in his first point that the record does not show that he received a
summons notifying him of the hearing for a discretionary transfer. The record does show that
Appellant was served on January 12, 1994, at 1:15 A.M., notifying him that a hearing to consider
a discretionary transfer would be held at 3:00 P.M. on January 12. The docket sheet reflects that
Appellant was present at this hearing.
Â Â Â Â Â Â Appellant complains in his second point that the actual hearing on the discretionary transfer
was held on January 31, 1994, and that the record contains no evidence that a summons was issued
or served on him stating that a hearing would be held on that date.
Â Â Â Â Â Â The record shows that Appellant received a summons for the hearing on January 12, 1994. 
This conferred jurisdiction on the juvenile court to hear the motion for a discretionary transfer. 
Further, summonses are not required after each postponement. Matter of C.C.G., 805 S.W.2d
10 (Tex. App.âTyler 1991).
Â Â Â Â Â Â Points one and two are overruled.
Â Â Â Â Â Â Point three: "The 304th District Court erred in ordering a waiver of jurisdiction and transfer
of the cause to a criminal district court based on insufficient evidence to support the required
findings under the Texas Family Code, section 54.02(a)."
Â Â Â Â Â Â Section 54.02(a) provides: 
The juvenile court may waive its exclusive original jurisdiction and transfer a child
to a criminal district court if:
(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age, or older, at the time he is alleged to have
committed the offense and no adjudication hearing has been conducted
concerning the offense; and
(3) after a full investigation and hearing, the juvenile court determines that there
is probable cause to believe that the child committed the offense alleged and that
because of the seriousness of the offense, or the background of the child, the
welfare of the community requires criminal proceedings.
Â Â Â Â Â Â Subsection (f) sets out the matters to be considered, among others, in making the
determination required by subsection (a), as follows:
(1) whether the alleged offense was against person or property, with greater
weight in favor of the transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and
premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return
an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the
rehabilitation of the child by use of procedures, services, and facilities currently
available to the juvenile court.
Â Â Â Â Â Â The evidence reflects that Appellant was a member and leader of the Northeast Players gang;
that Salvadore Villa was a member of the Royal Knights gang; that both gangs had a party one
block apart on January 1, 1994; that appellant and others left their party to confront Villa and
friends; that Appellant fired a .38-revolver 10 times toward Villa and friends; that Villa was killed
and Chris Whittle was shot in the leg; that Appellant assaulted David Acosta on August 11, 1993;
that Appellant had "major" behavioral problems at school, was disruptive almost daily and the
other students were afraid of him; that Terri Gaborie prepared a social evaluation on Appellant
and recommended that the motion for discretionary be granted; that Appellant was 15 years-old
at the time of the offense; had been a "good person" since he had been held in the juvenile
detention system; that his only drug usage was sniffing paint thinner; that he was street smart; that
rehabilitation within the juvenile system was not likely; and that the public needed protection from
Appellant.
Â Â Â Â Â Â The court entered an order containing the necessary findings to waive jurisdiction and transfer
the cause to the district criminal court. The evidence is ample and sufficient to support the
required findings under Family Code section 54.01(a).
Â Â Â Â Â Â Point three is overruled.
Â Â Â Â Â Â Point four: "The order entered by the 304th District Court waiving jurisdiction and ordering
transfer of Appellant to a criminal district court failed to comply with the Texas Family Code,
section 54.02(h)."
Â Â Â Â Â Â Section 54.02(h) provides in pertinent parts: 
If the juvenile court waives jurisdiction, it shall state specifically in the order its
reasons for waiver and certify its action, including the written order and findings
of the court and shall transfer the child to the appropriate court for criminal
proceedings.
Â Â Â Â Â Â The trial court made the following specific findings in its order:
The court finds [Appellant] to be a male child born on February 23, 1978,
and being 15 years of age at the time the acts upon which the motion is founded
or alleged to have occurred, and no adjudication hearing has been conducted
concerning such acts.
. . . 
The court finds that such acts are felonies under the penal laws of Texas. 
The court finds that the alleged offenses are against persons. The court finds
that the alleged offenses were committed in an aggressive and premeditated
manner; and the court finds that there is probable cause to believe that the
respondent committed each of the alleged offenses in the State's petition for
discretionary transfer. The court finds that there is evidence upon which the
grand jury may be expected to return an indictment regardless of the youthful
age of the respondent. 
The court finds that respondent is of sufficient sophistication and maturity
to be tried as an adult. The court specifically finds that the respondent is of
sufficient sophistication and maturity to aid an attorney in his defense.
The court, after considering all the testimony, diagnostic study, social
evaluation, and full investigation, finds that it is contrary to the best interest of
the public to retain jurisdiction.
The court finds that because of the seriousness of the alleged offenses and
the background of respondent, the welfare of the community requires criminal
proceedings.
Â Â Â Â Â Â Following these findings, the court specifically set out reasons for transferring Appellant. The
order specifically sets out the findings made by the court as required by section 54.02(a) before
the court can waive is jurisdiction. These findings are supported by reasons indicating that the
court considered the factors in section 54.02(b). The order complies with section 54.02(h). See
Matter of F.A., 835 S.W.2d 748, 749 (Tex. App.â San Antonio 1991).
Â Â Â Â Â Â Point four is overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 7, 1995
Do not publish



le='font-family:"Palatino","serif"'>   To protect the
identity of the child who is the subject of this suit, we shall refer
hereinafter to the mother by the pseudonym ÂDana.ÂÂ  See Tex. Fam. Code Ann. Â§ 109.002(d)
(Vernon 2002); Tex. R. App. P. 9.8(b)(1).

Â 





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The repeal of
subsection (d) took effect on June 15, 2007 and applies only to a suit
affecting the parent-child relationship filed on or after that date.Â  See
Act of May 27, 2007, 80th Leg., R.S., ch. 866, Â§Â§ 5-7, 2007 Tex. Gen. Laws
1837, 1838.





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Dana makes extensive
references in her brief to an affidavit she signed forty-nine days after the
court signed the order denying her motion for new trial and finding her appeal
to be frivolous and which was filed four days later.Â  However, because this
affidavit was not made or filed until after the courtÂs plenary power had
expired, we will not consider it.Â  See Tex.
R. Civ. P. 329b(e) (trial courtÂs plenary power continues for thirty
days after timely-filed motion for new trial is overruled).