# Court of Appeals
## Tenth Appellate District of Texas

10-25-00016-CV

In the Matter of K.A., a Juvenile

On appeal from the
474th District Court of McLennan County, Texas
Judge E. Alan Bennett, presiding
Trial Court Cause No. 2024-109-J

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant K.A. challenges the trial court's denial of K.A.'s Motion to Dismiss the State's Petition for Discretionary Transfer to a Criminal District Court on the basis that the petition was barred by res judicata. We find that the statutory language of the Texas Family Code clearly allows for a second petition for discretionary transfer and that K.A. cannot prove the elements of res judicata. We affirm the trial court's denial of K.A.'s motion to dismiss.

**Background**

The State alleges that K.A. committed the offense of aggravated sexual assault of a child on his minor stepsister, an offense which, had it been

committed by an adult, would constitute a felony. In June 2023, the State filed its first petition for discretionary transfer to a criminal district court in McLennan County alleging that K.A. committed the offense as a juvenile between the ages of fourteen and seventeen. K.A. is now an adult and was over the age of eighteen when the State filed its first petition. The trial court pronounced oral findings and then subsequently entered a waiver and transfer order pursuant to TEX. FAM. CODE ANN. § 54.02. K.A. appealed the waiver and transfer order, noting discrepancies between the trial court's oral findings and the written order. Namely, the written order stated that "it was not practicable to proceed in juvenile court before K.A.'s eighteenth birthday because K.A. could not be found;" however, the oral finding by the court was that the State did not have probable cause before K.A.'s eighteenth birthday because the outcry occurred after K.A.'s eighteenth birthday. The Fourteenth Court of Appeals reversed the first waiver and transfer order.

In August 2024, the State filed a second petition for transfer. K.A. filed a motion to dismiss on the basis of res judicata. The trial court denied the motion and then entered a second waiver and transfer order. K.A. appeals the court's denial of his motion to dismiss.

In his appeal, K.A. raises the issue of whether the trial court erred in not granting K.A.'s motion to dismiss the transfer petition on the basis that

the petition was barred by res judicata. There is no dispute between the parties that the appropriate standard of review is a de novo standard.[1]

**Elements of Res Judicata Not Met**

The doctrine of res judicata, also known as claim preclusion, bars lawsuits that arise out of the same subject matter as a prior suit when, with the use of diligence, that subject matter could have been litigated in the prior suit. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). The party asserting the defense of res judicata has the burden of proving each of the three elements of res judicata: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Id*. at 706.

In evaluating the first element, we determine that K.A. has not proved that the first transfer order and reversal of that order constitutes a prior final judgment on the merits by a court of competent jurisdiction. K.A. cites to case law in which sister courts have stated that a transfer order is final.[2] Assuming, without deciding that principle could be true, a final appealable

---

[1] Even if the Court reviewed the trial court's denial of K.A.'s motion to dismiss under an abuse of discretion standard, the result would not change.

[2] K.A. cites to *In re D.T.,* No. 01-24-00568-CV, 2025 WL 208492, at *11 (Tex. App.—Houston [1st Dist.] Jan. 16, 2025, no pet.) and *In re L.*, 625 S.W.2d 96, 96 (Tex. App.—Eastland 1981, writ ref'd n.r.e.). We do not find that *In re D.T.* clearly addresses the issue of a transfer order qualifying as a "final judgment").

order and a final judgment on the merits are distinct concepts in the context of res judicata. While both a final appealable order and a final judgment on the merits signify the end of a case in different respects, only the latter can support the first element of res judicata by conclusively resolving the substantive issues of the case. K.A.'s arguments seemingly conflate the two. Neither of the cases relied on by K.A. establishes that finality of a transfer order equates to a final judgment on the merits as required to prove res judicata.

In the res judicata context, courts review specifically whether a disposition of a case relates to the merits. It is the nature of the action and the character of the judgment that determines whether it is res judicata. *Stubbs v. Patterson Dental Laboratories*, 573 S.W.2d 274 (Tex. Civ. App.–Eastland 1978, no writ). For res judicata to apply, there must be a final judgment that settles the issues on their merits, so interlocutory judgments or procedural rulings do not usually satisfy this requirement. *See id*; *In re Fuentes*, 530 S.W.3d 244, 250 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, No. 01-00-01135-CV, 2002 WL 992400, at *3 (Tex. App.—Houston [1st Dist.] May 16, 2002, pet. denied); *Furniture Dynamics, Inc. v. Hurley's Estate*, 560 S.W.2d 486, 488 (Tex. App.—Dallas 1977, no writ).

In the case before us, we find the first transfer order and the overturning of the same to be procedural rather than an adjudication on the merits. In *Ex parte Reed*, the court evaluated whether a dismissal with prejudice is tantamount to an acquittal on the merits in the expunction context—an issue like the appeal before this Court that is civil in nature but quasi criminal. *Ex parte Reed*, 343 S.W.3d 306, 310 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The court found that it did not because Reed was neither tried for the offense or acquitted by the trial court. *Id*. Similarly, K.A. has been neither tried nor acquitted for the offense of aggravated sexual assault of a minor with which he has been charged.

Rather, the trial court, through the transfer process, evaluated only whether the State could meet elements or facts specifically enumerated by TEX. FAM. CODE ANN. § 54.02 to qualify for a transfer to criminal district court. The statute requires that the State show either of the following elements:

> (a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:
> (1) the child is alleged to have violated a penal law of the grade of felony;
> (2) the child was:
> (A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a

felony of the first degree, and **no adjudication hearing has been conducted concerning that offense**; or

(B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3) after a full investigation and a hearing, the juvenile court determines **that there is probable cause to believe that the child before the court committed the offense** alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

TEX. FAM. CODE ANN. § 54.02 (emphasis added);

or

(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

(1) the person is 18 years of age or older;

(2) the person was:

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) **no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted**;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) **a previous transfer order was reversed by an appellate court or set aside by a district court**; and

(5) the juvenile court determines that **there is probable cause** to believe that the child before the court committed the offense alleged.

TEX. FAM. CODE ANN. § 54.02 (emphasis added).

The plain language of the statute highlights that a transfer may occur when no adjudication has occurred. The statute also requires a showing of probable cause—not proof of guilt. The nature of this type of hearing and the statute dictate that a transfer order is not a final judgment on the merits of K.A.'s guilt or innocence of the alleged offense. Instead, the transfer process constitutes only an evaluation of the above-enumerated criteria which are procedural in nature.

Texas courts have also reviewed the transfer process in the context of double jeopardy. Because juvenile matters are quasi-criminal we are also guided by the reasoning of the courts' opinions in the context of double

jeopardy as applied to transfer and waiver orders. Double jeopardy, like res judicata, turns on the principle of claim preclusion.

The double jeopardy analysis provides guidance on the determination of whether a final judgment on the merits occurred. "Texas courts have consistently held that the certification and transfer hearing cannot be considered an adjudicatory trial, since the juvenile's guilt or innocence is not the subject of the inquiry." *Matter of F.A.*, 835 S.W.2d 748, 749 (Tex. App.—San Antonio 1992, no writ). "Proceedings to transfer juvenile to criminal court did not go beyond mere satisfaction of requirements and did not equate to any adjudication of guilt which would have barred subsequent action in criminal court under double jeopardy principles." *Id.* A juvenile transfer proceeding is not a trial on merits. *Matter of K.B.H.* (App. 6 Dist. 1995) 913 S.W.2d 684, rehearing overruled.

Texas courts have seemingly concluded that there is no final judgment on the merits through the discretionary transfer process. In the same vein, Texas courts have found that the doctrine of collateral estoppel embodied in double jeopardy principles did not apply to revocation hearings. *State v. Waters*, 560 S.W.3d 651, 659 (Tex. Crim. App. 2018). While distinct legal concepts, the logic follows in both double jeopardy and res judicata that a finding that is more procedural in nature and that does not resolve the

substantive issue of guilt will not qualify as a final judgment on the merits for purposes of the defense of res judicata.

As such, K.A. cannot prove the first element of res judicata. We do not need to evaluate the other two elements.

**Statutory Language is Clear**

K.A. also argues that the legislature failed to show its intent to abrogate the common law of issue preclusion in transfer hearings. We disagree. The legislature is free to modify or abrogate common-law rules via statute but can only do so "when that was what the legislature clearly intended." *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 51 (Tex. 2015). Here, the statutory language is clear. The legislature's language and intent are clear in TEX. FAM. CODE ANN. § 54.02(a), TEX. FAM. CODE ANN. § 54.02(j)(4)(B)(iii), TEX. FAM. CODE ANN. § 56.01, and TEX. FAM. CODE ANN. § 51.041(a). The Texas Family Code allows for both the appeal of a transfer order and allows for multiple transfer orders. Clear statutory text is determinative of legislative intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009)

Given the clarity of the language, we presume that K.A. disagrees with the language of the statute. K.A.'s argument that the State should not have

"more than one bite at the apple" in the context of discretionary transfer orders is an argument better taken up with the legislature.

**Conclusion**

Because we find that no final judgment on the merits occurred and that the statutory language allows for multiple transfer petitions and order, we affirm the trial court's denial of K.A.'s motion to dismiss.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  July 10, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed

